# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **MOHAMMED REZA SALAMI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:07CV621 |
| | ) | |
| **N.C. A&T STATE UNIVERSITY** | ) | |
| **and JOSEPH MONROE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants on November 2, 2009. (Docket No. 51.) Plaintiff Mohammed Reza Salami, by Order of November 24, was granted an extension of time until December 9, 2009, to respond to the motion. (Docket No. 57.) Plaintiff has filed no response, and the time for response has run. Accordingly, Defendants' motion is an uncontested motion that may be granted without further notice. *See* LR7.3.

Defendants move for summary judgment on all claims of the *pro se* Plaintiff which were not dismissed pursuant to their earlier motion to dismiss. Specifically, Defendants seek summary judgment on Claims 5, 7, 8, and 13 of the Amended Complaint, alleging retaliation under Title VII and 42 U.S.C. § 1983. *See* Order of August 1, 2008. (Docket No. 20.)

Review of the submissions of competent evidence by the Defendants shows that they have demonstrated an entitlement to judgment by uncontested evidence.

On the basis of affidavits submitted by affiants Joseph Monroe, Kenneth Murray, Sameer Hamoush, and Peter Rojeski, the Court finds that Plaintiff cannot establish that A&T retaliated against him in distributing salary increases. Rather, the uncontested record shows that Plaintiff failed to meet the university's research expectations, failed to meet the university's service expectations, and failed to meet the university's teaching expectations. No evidence before the Court raises an inference of retaliation with regard to Plaintiff's salary increases.

Plaintiff has raised to no triable issue on his claim that Dean Monroe retaliated against him in contacting the Board of Professional Engineers in the fall of 2006. In fact, Plaintiff has shown no harm from that contact in that he was allowed to take the necessary steps to reinstate his lapsed license. *See* Docket No. 52, Defs.' Mem of Law in Supp. of Mot. for Summ. J., Monroe Aff. ¶ 26.

There is no evidence before the Court that A&T retaliated against Plaintiff Salami in assigning courses. The affidavits of affiants Monroe, Rojeski, and Hamoush refute any claim of retaliation. Plaintiff has presented to evidence to the contrary.

Finally, no evidence before the Court supports Plaintiff's claim that Defendant A&T retaliated against him in the post tenure review process. The uncontested affidavits of Defendants Monroe, Sarin, and Hamoush explicate the manner in which Plaintiff was

assessed with regard to his post tenure review application. No inference of retaliation arises from the evidence before the Court.

Accordingly, for reasons set forth above, **IT IS RECOMMENDED** that Defendants' motion for summary judgment (Docket No. 51) be granted in full and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: January 14, 2010