IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MOHAMMAD REZA SALAMI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:07CV621 |
| | ) | |
| JOSEPH MONROE, Dean of the College of | ) | |
| Engineering, and NORTH CAROLINA A&T | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the Court on a Recommendation of the United States Magistrate Judge [Doc. #58], which was filed with the Court in accordance with 28 U.S.C. § 636(b) and was served on the parties on January 14, 2010. Plaintiff filed timely Objections to the Recommendation. The Court has now reviewed the Recommendation and the Objections and has made a *de novo* determination which is in accord with the Magistrate Judge's Recommendation.

The Court notes that in the Recommended Decision, the Magistrate recommended that Defendants' Motion for Summary Judgment be granted with respect to all of the remaining claims in the case. In the Recommended Decision, the Magistrate Judge noted that Plaintiff had failed to file any Response to the Motion for Summary Judgment within the time allowed, even after being granted an extension of time within which to respond. The Magistrate Judge concluded that based on the unrefuted evidence presented by Defendants, summary judgment was appropriate. In his Objections to the Recommended Decision,

Plaintiff belatedly attempts to present the "evidence" that he failed to present in response to the Motion for Summary Judgment. However, the Court finds that this purported "evidence" is an effort to file an untimely Response to the Motion for Summary Judgment, and therefore the "evidence" should not be considered. Plaintiff was given direct notice in a letter from the Clerk's Office dated November 3, 2009, informing him of the Defendants' Motion for Summary Judgment and warning him that "failure to respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the defendants' contentions are undisputed and/or that you no longer wish to pursue the matter. Therefore, unless you file a response in opposition to the defendants' motion, it is likely your case will be dismissed or summary judgment granted in favor of the defendants." Plaintiff requested an extension of time to file his Response, which was granted on November 24, 2009 and which extended his Response time through December 9, 2009. Plaintiff contends that he needed an additional three-month extension of time to file his Response due to his various medical conditions. Plaintiff further contends that he was only retrieving his mail on a weekly basis, and that he did not receive notice of this new deadline until December 9, 2009, the day that the Response was due. However, Plaintiff was obligated to retrieve his mail in a timely manner or otherwise inform the Court of his proper mailing address, and Plaintiff has not established that his medical conditions prevented him from preparing his Response in the time allowed. Moreover, even though Plaintiff received the Court's Order on or before December 9, 2009, he still failed to file a Response or request a further limited extension of time. Although Plaintiff is proceeding *pro se*, he is still required

2

to comply with the Orders and Rules of this Court. Under Local Rule 7.3, "[t]he failure to file a brief or response within the time specified . . . shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect." The Court has considered the information presented and concludes that Plaintiff has failed to establish excusable neglect for his failure to timely file his Response in this case, particularly in light of the reasons given for his failure to file a Response and the length of delay and prejudice to Defendants and the Court given the scheduling of this case. See Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993) (holding that the determination of excusable neglect is an equitable one, based on consideration of "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."). Therefore, the Court finds that Plaintiff's belated effort to file a Response is untimely and the purported "evidence" submitted by Plaintiff will not be considered.[1] The Court therefore adopts the Magistrate Judge's Recommendation and concludes that Defendants' Motion for Summary Judgment should be granted.

---

[1] Moreover, even if the Court were to consider Plaintiff's belated submissions, the Court still concludes that summary judgment is appropriate because there is no genuine issue of material fact, as Plaintiff has failed to present sufficient evidence on which the jury could return a verdict in his favor. In addition, to the extent that Plaintiff attempts in his Objections to raise issues related to a subsequent EEOC investigation, which Plaintiff contends is ongoing, the Court notes that the present case relates to Plaintiff's December 29, 2006 EEOC Charge (435-2007-00369), for which Plaintiff received a Right to Sue Letter on May 17, 2007. (See Am. Compl. ¶ 28; Def. Mem. [Doc. #52] Ex. 5).

3

IT IS THEREFORE ORDERED that the Recommended Decision [Doc. #58] is affirmed and adopted, and Defendants' Motion for Summary Judgment [Doc. #51] is GRANTED.

This, the 4th day of March, 2010.

                                                              United States District Judge